Case 2:25-cv-04228 Document 1-1 Filed 05/09/25 Page 1 of 19 Page ID #:3
Electronically FILED by Superior Court of California, County of Riverside on 12/06/2024 01:19 PM
Case Number CVRI2407255 0000113337385 - Jason B. Galkin, Executive Officer/Clerk of the Court By Carmen Mundo, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STANDARD LOGISTIC SERVICES, LLC, a Utah Limited Liability Company, DOE 1, an Individual, and DOES 2-50 Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUIS MADRIGAL, an Individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse
4050 Main Street, Riverside, CA, 92501

CASE NUMBER:
*(Número del Caso):* CVRI2407255

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bobby Yaghoubian, 800 West 6th Street, Suite 800, Los Angeles, CA, 90017, (310) 295-2227

DATE: 12/06/2024
*(Fecha)*

Clerk, by *Carmen Mundo*, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  Babak Bobby Yaghoubian (SBN 261182)
   Andrew P. Menotti (SBN 296212)
2  POWER LEGAL GROUP, PC
   800 West Sixth Street, Suite 800
3  Los Angeles, CA, 90017
   Telephone: (310) 295-2227
4  Facsimile: (310) 295-2252
   Email: Bobby@PowerLegalGroup.com
5  Email: APM@PowerLegalGroup.com
   E-Service: Litigation@PowerLegalGroup.com
6

7  Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| LUIS MADRIGAL, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STANDARD LOGISTIC SERVICES, LLC, a Utah Limited Liability Company, DOE 1, an Individual, and DOES 2-50 Inclusive,<br><br>Defendants. | Case No.: CVRI2407255<br><br>Assigned to Hon.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br><br>AMOUNT IN CONTROVERSY EXCEEDS $35,000.00<br><br>DEMAND FOR JURY TRIAL<br><br>Complaint Filed:<br>Trial Date: |

Comes Now Plaintiff LUIS MADRIGAL individually (hereinafter Plaintiff MADRIGAL), in this Complaint for causes of action against Defendants, STANDARD LOGISTIC SERVICES, LLC, a Utah Limited Liability Company, DOE 1, an individual, and DOES 2 THROUGH 50, Inclusive, and each of them, complains and alleges as follows:

**GENERAL ALLEGATIONS**

1. The claims set forth herein arise from a motor vehicle collision that occurred on April 21, 2023, in the City of Riverside, County of Riverside, California (hereinafter "SUBJECT INCIDENT"), which caused severe personal injury to Plaintiff.

2. At all times relevant and mentioned herein, Plaintiff was and still is a resident of Imperial County, California.

3. Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendant DOE 1 (hereinafter "DOE 1"), was, and is, a resident of the County of Riverside, State of California.

4. Plaintiff is informed, believes, and thereon alleges that Defendant STANDARD LOGISTIC SERVICES, LLC (hereinafter "SLS LLC") was, and is, a Utah Limited Liability Company, with its Headquarters and principal place of business located in the City of Sandy, Utah, authorized to do, has regularly done, and is doing, business as a Limited Liability Company within the County of Riverside, California.

5. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

6. Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants, including DOES 1 through 50, inclusive, and each of them, were the agents, servants, employees and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them, was acting within the course, scope and authority of said

agency, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, and each of them, engaged in the same or similar conduct as the named Defendants, thereby proximately causing plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, rental, use, repair, maintenance of the vehicle driven by DOE 1 in the collision.

7. Plaintiff is informed and believes and thereon alleges that Defendant SLS LLC and Does 1 through 10, and each of them are, and at all times mentioned herein were, the registered owner of the SUBJECT VEHICLE.

8. Plaintiff is informed, believes, and thereon alleges that at all times herein relevant, Defendant DOE 1 was employed by Defendant SLS LLC and DOES 1 through 50, inclusive, (hereafter "Defendant EMPLOYERS") and was at all times herein relevant acting within the course and scope of his/her duties for Defendant EMPLOYERS and DOES 1 through 50, inclusive. Plaintiff is informed, believes, and thereon alleges that at all times herein relevant, Defendant DOE 1 was driving the SUBJECT VEHICLE which was owned, controlled, maintained, repaired, managed, operated and used by Defendant EMPLOYERS and DOES 1 through 50, inclusive, and which was entrusted to Defendant DOE 1 so that he could perform the duties of his employment. Plaintiff is informed, believes, and thereon alleges that Defendant EMPLOYERS and DOES 1 through 50, inclusive, authorized Defendant DOE 1 to use the SUBJECT VEHICLE for the purposes that Defendant DOE 1 saw fit during the course and scope of his/her employment.

9. Plaintiff is informed, believes, and thereon alleges that the SUBJECT INCIDENT occurred on April 21, 2023, when Plaintiff was operating a 2017 Chevrolet Camaro motor vehicle (hereinafter "PLAINTIFF'S VEHICLE"), travelling westbound on Columbia Avenue, near the intersection of Columbia Avenue and East La Cadena Drive in Riverside, California, 92507 (hereinafter "SUBJECT LOCATION"). Defendant DOE 1 failed to make a safe turning movement and as such violently collided into PLAINTIFF'S VEHICLE.

10. As a result of the SUBJECT INCIDENT, Plaintiff suffered severe, traumatic, debilitating, and permanent injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION FOR
## NEGLIGENCE

(By Plaintiff LUIS MADRIGAL, against all Defendants; and DOES 1 through 50, Inclusive.)

11. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

12. Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants SLS LLC, and DOES 1 through 50, inclusive, and each of them, owed a duty of care to all reasonably foreseeable people, including Plaintiff, to own, lease, manage, maintain, repair, entrust, operate, and control the SUBJECT VEHICLE in a reasonable manner.

13. Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, Defendants SLS LLC, and DOES 1 through 50, inclusive, and each of them, carelessly and negligently owned, leased, managed, maintained, repaired and entrusted the SUBJECT VEHICLE to Defendant DOE 1, who carelessly and negligently operated, drove, and controlled the SUBJECT VEHICLE, so as to legally, directly, and proximately cause the SUBJECT INCIDENT.

14. Plaintiff is informed, believes, and thereon alleges that Defendants SLS LLC, and DOES 1 through 50, inclusive, and each of them, breached their duty to own, lease, manage, maintain,

4
COMPLAINT FOR DAMAGES

entrust, control, and operate the SUBJECT VEHICLE in a reasonable manner, thereby causing bodily injury to Plaintiff.

15. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant EMPLOYERS and DOES 1 through 50, inclusive, owed a duty of care to the public, including Plaintiff, in the hiring, retention, supervision and training of their agents, employees, servants, and/or independent contractors, which they assigned to operate motor vehicles such as the SUBJECT VEHICLE.

16. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant EMPLOYERS and DOES 1 through 50, inclusive, were negligent in the hiring, retention, supervision and/or training of Defendant DOE 1 in that Defendant EMPLOYERS and DOES 1 through 50, inclusive, knew or should have known facts which would warn a reasonable person that Defendant DOE 1 presents an undue risk of harm to third persons in light of the particular work to be performed. In particular, Defendant EMPLOYERS and DOES 1 through 50, inclusive, knew or should have known that Defendant DOE 1 was unfit for the specific tasks to be performed during the course of his employment, namely the general safe operation of the SUBJECT VEHICLE during his employment for Defendant EMPLOYERS and DOES 1 through 50, inclusive.

17. Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant EMPLOYERS and DOES 1 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOE 1 after hiring him/her, and retained Defendant DOE 1 as an employee for job performance which mainly included driving motor vehicles, such as the SUBJECT VEHICLE.

18. Plaintiff is informed, believes, and thereon alleges that the aforementioned negligent hiring, retention, supervision and training of Defendant DOE 1 by Defendant EMPLOYERS and DOES 1 through 50, inclusive, directly, legally and proximately caused or was a substantial factor in causing the subject incident involving the SUBJECT VEHICLE, negligently and

recklessly driven by Defendant DOE 1, violently colliding into PLAINTIFF'S VEHICLE and causing bodily injury to Plaintiff.

19. As a legal, direct, and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was injured and hurt in Plaintiff's health, strength and activity, sustaining serious injuries to Plaintiff's body, including neurological injury, and shock and injury to Plaintiff's nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great physical and mental pain and suffering.  Plaintiff is further informed, believes, and thereon alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

20. As a legal, direct and proximate result of the aforementioned conduct of the Defendants, and each of them, Plaintiff was prevented from attending Plaintiff's usual occupation and/or Plaintiff is informed and believes, and thereon alleges, that Plaintiff will be prevented from fully attending to Plaintiff's occupation in the future, and thereby will also sustain a loss of earning capacity and loss of opportunity, in addition to lost earnings, past, present and future according to proof, pursuant to California Code of Civil Procedure Section 425.10.

21. As a legal, direct, and proximate result of the conduct of the Defendants, and each of them, Plaintiff was compelled to and did employ the services of health care providers to care for and treat Plaintiff, and did incur medical and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that by reason of Plaintiff's injuries, Plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure Section 425.10.

### PRAYER FOR DAMAGES

WHEREFORE, Plaintiff LUIS MADRIGAL, an individual, hereby prays for judgment against Defendants STANDARD LOGISTIC SERVICES LLC, DOE 1 and DOES 2 to 50, inclusive, and each of them, as follows:

1. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2. For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, loss of earning capacity, property damage, loss of use, and rental costs, in excess of the jurisdictional minimum, according to proof;

3. For prejudgment interest, according to proof;

4. For cost of suit incurred herein, including attorney's fees, according to proof;

5. For damages for Plaintiff's other losses, according to proof;

6. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff LUIS MADRIGAL, an individual, hereby demands a trial by jury as to all causes of action.

Dated: December 6, 2024

POWER LEGAL GROUP, PC

By: *Babak Bobby Yaghoubian*
Babak Bobby Yaghoubian
ATTORNEY FOR PLAINTIFF

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2024 01:18 PM
Case Number CVRI2407255-0000113337383, Jason B. Galkin, Executive Officer/Clerk of the Court By Carmen Mundo, Clerk
Case 2:25-cv-04728 Document 1-1 Filed 05/09/25 Page 9 of 19 Page ID #:11

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Babak Bobby Yaghoubian (SBN 261182); Andrew P. Menotti (SBN 296212) 800 West 6th Street, Suite 800, Los Angeles, CA, 90017 | |

TELEPHONE NO.: (310) 295-2227   FAX NO. (Optional): (310) 295-2252
E-MAIL ADDRESS: bobby@powerlegalgroup.com; apm@powerlegalgroup.com
ATTORNEY FOR (Name): Plaintiff Luis Madrigal

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Riverside, 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Luis Madrigal v. Standard Logistic Services, LLC et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CVRI2407255 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [x] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): One; Negligence
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 12/06/2024

Babak Bobby Yaghoubian                                  ▶ *Babak Bobby Yaghoubian*
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Riverside on 12/06/2024 01:18 PM
Case Number CVRI2407255 0000113337384 - Jason B. Galkin, Executive Officer/Clerk of the Court By Carmen Mundo, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-CI032

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Babak Bobby Yaghoubian (SBN 261182); Andrew Menotti (SBN 296212)
Power Legal Group, PC
800 West 6th Street, Suite 800
Los Angeles, California, 90017

TELEPHONE NO: (310) 295-2227     FAX NO. (Optional): (310) 295-2252
E-MAIL ADDRESS (Optional): bobby@powerlegalgroup.com; apm@powerlegalgroup.com
ATTORNEY FOR (Name): Plaintiff Luis Madrigal

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: Luis Madrigal

DEFENDANT/RESPONDENT: Standard Logistic Services, LLC et al.

CASE NUMBER: CVRI2407255

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92507

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/06/2024

Babak Bobby Yaghoubian
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ *Babak Bobby Yaghoubian*
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 3117
riverside.courts.ca.gov/localfrms/localfrms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2407255

**Case Name:** MADRIGAL vs STANDARD LOGISTIC SERVICES, LLC, A UTAH LIMITED LIABILITY COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 01/07/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Carmen Mundo*
C. Mundo, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2407255

**Case Name:** MADRIGAL vs STANDARD LOGISTIC SERVICES, LLC, A UTAH LIMITED LIABILITY COMPANY

BABAK BOBBY YAGHOUBIAN
800 WEST SIXTH STREET, SUITE 800
Los Angeles, CA 90017

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
| --- | --- | --- |
| 07/07/2025 | 8:30 AM | Department 4 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/07/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Carmen Mundo*
C. Mundo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2407255

**Case Name:** MADRIGAL vs STANDARD LOGISTIC SERVICES, LLC, A UTAH LIMITED LIABILITY COMPANY

LUIS MADRIGAL, AN INDIVIDUAL

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/07/2025 | 8:30 AM | Department 4 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/07/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Carmen Mundo*
C. Mundo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:** CVRI2407255

**Case Name:** MADRIGAL vs STANDARD LOGISTIC SERVICES, LLC, A UTAH LIMITED LIABILITY COMPANY

STANDARD LOGISTIC SERVICES, LLC, A UTAH LIMITED LIABILITY COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/07/2025 | 8:30 AM | Department 4 |
| Location of Hearing: 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases. Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing. Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak. It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|---|---|
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/07/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Carmen Mundo*
C. Mundo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2407255

| | |
|---|---|
| YAGHOUBIAN, BABAK BOBBY<br>800 WEST SIXTH STREET, SUITE 800<br>Los Angeles, CA 90017 | MADRIGAL, LUIS AN INDIVIDUAL |
| STANDARD LOGISTIC SERVICES, LLC, A<br>UTAH LIMITED LIABILITY COMPANY | |